IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES L. HENTHORN,

    Petitioner,             CASE NO. 2:09-cv-00069
                                     JUDGE MARBLEY
v.                          MAGISTRATE JUDGE E.A. PRESTON DEAVERS

PHILLIP KERNS, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the petition, respondent's return of writ, petitioner's reply, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

The Ohio Fourth District Court of Appeals summarized the facts and procedural history of this case as follows:

> A Washington County grand jury indicted Henthorn on one count of rape, a first degree felony, based on alleged sexual contact between Henthorn and a twelve year old girl. Subsequently, Henthorn reached an agreement with the prosecution to plead guilty to one count of attempted rape, a second degree felony. As part of the plea agreement, the State recommended that Henthorn be sentenced to no more than four years incarceration, and stipulated that Henthorn is a sexually oriented offender. On July 5, 2006, the trial court sentenced Henthorn to a five year prison term and designated him a sexually oriented offender.
>
> After the court sentenced Henthorn but before it journalized the sentencing entry, Henthorn filed a motion to reconsider his

> sentence. The court denied this motion without a hearing. Apparently, the prosecutor and defense counsel discussed Henthorn's motion to reconsider his sentence and decided that the court improperly denied the motion without a hearing. In a misguided effort to extend the time for filing a notice of appeal, the parties filed an agreed entry stating, "Defendant's time to file any appeal shall run from the filing of the Entry following Defendant's Motion to Reconsider Sentence, not the improper filing of the Sentencing Entry July 5, 2006(sic)." In August 2006, the court issued a nunc pro tunc entry reversing its prior decision and scheduled a hearing on the motion. Subsequently, the trial court overruled Henthorn's motion to reconsider his sentence. This entry was journalized on August 24, 2006.
>
> Henthorn filed a notice of appeal on September 12, 2006, see *State v. Henthorn,* Washington App. No. 06CA49. However, we concluded the notice of appeal was untimely because the deadline for filing it was August 4, 2006-thirty days after the journalization of the July 5, 2006 sentencing entry. We pointed out the parties could not agree to extend the deadline for filing a notice of appeal. Therefore, we dismissed Washington App. No. 06CA49 but subsequently granted Henthorn's motion for leave to file a delayed appeal.

*State v. Henthorn*, 2007 WL 1720705, *1-*2 (Ohio App. 4th Dist. June 12, 2007).  Petitioner

asserted the following assignment of error on appeal:

> The trial court erred when it sentenced Mr. Henthorn to serve a non-minimum prison term for his conviction of a second-degree felony, as that prison term contravened the Sixth Amendment to the United States Constitution. *Blakely v. Washington* (2004), 542 U.S. 296; *United States v. Booker* (2005), 543 U.S. 220. (July 5, 2006 Sentencing Entry, Sentencing T.p. 58).

*See id.*  On June 12, 2007, the appellate court affirmed the trial court's judgment.  *Id*.  On

October 24, 2007, the Ohio Supreme Court dismissed petitioner's subsequent appeal.  *State*

2

*v. Henthorn*, 115 Ohio St.3d 1444 (2007).

On January 21, 2009, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He raises the following sole ground for relief:

> The state courts' application of the remedy articulated by the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1... to Petitioner's case contravenes the Ex Post Facto and Due Process clauses of the federal constitution.
>
> The conduct giving rise to Mr. Henthorn's conviction occurred in December 2005, which was more than one year before the Ohio Supreme Court issued its decision in *Foster*. At the time the offense in this case occurred, there was a presumption in favor of the minimum authorized prison term. Following application of the *Foster* remedy, Mr. Henthorn was sentenced to a nonminimum five-year prison term.

It is the position of the respondent that petitioner's claim is procedurally defaulted and without merit.

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Anderson v. Hairless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picardy v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his

3

claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 447 U.S. 478, 485 (1986); *Eagle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

As his sole claim for federal habeas corpus relief, petitioner asserts that his sentence violates Due Process and the Ex Post Facto Clause. The state appellate court reviewed the claim for plain error only, due to petitioner's failure to raise this objection at sentencing,

4

and alternatively dismissed the claim on the merits:

> Henthorn contends the trial court should have sentenced him under the provisions for a minimum sentence that were in effect at the time he committed the attempted rape in December 2005. He argues the statutory presumption in R.C. 2929.14(B) that existed when he committed the offense entitles him to be sentenced to no more than the minimum two year prison allowable for a second-degree felony, rather than the five year term the trial court imposed after the Ohio Supreme Court's decision in *Foster*.
>
> In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Supreme Court of Ohio found that several of Ohio's sentencing statutes, including R.C. 2929.14(B), were unconstitutional to the extent they required judicial fact-finding before imposition of maximum, consecutive, or greater-than-minimum sentences. *Id.* at paragraphs one, three, and five of the syllabus. Applying the remedy used by the Supreme Court of the United States in *United States v. Booker* (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, the Court severed the offending unconstitutional provisions in their entirety from the statutes. *Foster* at paragraphs two, four, and six of the syllabus, and ¶ 99. The Court stated that trial courts now "have full discretion to impose a prison sentence within the statutory range [of R.C. 2929.14(A) ] and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.*, at paragraph seven of the syllabus.
>
> Trial and intermediate appellate courts in Ohio are bound to apply *Foster* as it is written. Because the Supreme Court of Ohio in *Foster* declared R.C. 2929.14(B) unconstitutional and severed it in toto from this state's sentencing statutes in February 2006, both trial courts and courts of appeal must apply the surviving statutes accordingly. Henthorn was not entitled to be sentenced in May 2006 under the former part of the statute providing for minimum sentences as it was a casualty of the severance remedy.
>
> IV. Due Process and Ex Post Facto Challenges

Henthorn argues that application of *Foster's* severance remedy to his case violates the Due Process and Ex Post Facto Clauses of the state and federal constitutions because it effectively increases the presumptive sentence that was in effect when he committed the crime for which he was sentenced.

*Foster* was decided on February 27, 2006, and the trial court conducted Henthorn's sentencing hearing on May 24, 2006. Henthorn could have raised this argument during that hearing so that the trial court could have addressed it. His failure to do so constitutes a waiver of the issue on appeal. See *State v. Grimes,* Washington App. No. 06CA17, 2006-Ohio-6360, at ¶ 7 and cases cited there.

Nonetheless, assuming arguendo that he preserved the issue for appeal, we reject Henthorn's claim on the merits. This Court, as well as other intermediate appellate courts in Ohio, has determined that application of *Foster* to defendants who committed their offenses before that decision was released does not violate constitutional principles of due process or operate as an ex post facto law. See *State v. Henry,* Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶¶ 8-11; *Grimes,* supra, at ¶¶ 9-10; *State v. McGhee,* Shelby App. No. 17-06-05, 2006-Ohio-5162; *State v. Cain,* Franklin App. No. 06AP-682, 2007-Ohio-945, at ¶ 6; *State v. Hildreth,* Lorain App. No. 06CA008879, 2006-Ohio-5058, at ¶ 10; *State v. Durbin,* Greene App. No.2005-CA-134, 2006-Ohio-5125, at ¶¶ 41-42. While recognizing Henthorn's need to preserve these issues for further review, we see no reason to revisit or reject our prior decisions.

Henthorn also argues that the trial court committed plain error by applying *Foster* to his sentencing in violation of his constitutional rights. Plain error does not exist unless it can be said that, but for the error, the outcome would clearly have been different. *State v. Moreland* (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894. Having already found that the trial court was required to apply *Foster* to Henthorn's sentencing, we find no error, plain or otherwise.

Finally, Henthorn contends that his trial counsel provided

6

> ineffective assistance by failing to raise the ex post facto and due process challenges to *Foster* at the sentencing hearing. In order to prevail on an ineffective assistance of counsel claim, Henthorn must meet the two-prong test outlined in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. First, Henthorn must show that counsel's performance was deficient. The second prong of the *Strickland* test requires him to prove prejudice in order to prevail. *Id.* at 692. Failure to satisfy either prong is fatal as the accused's burden requires proof of both elements. See *State v. Drummond,* 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 205 (requires that the defendant show, first, that counsel's performance was deficient *and,* second, the deficient performance prejudiced the defense). [Emphasis supplied.]
>
> Even if we assume that defense counsel's performance was deficient because he failed to raise the ex post facto and due process challenges at the sentencing hearing, Henthorn cannot demonstrate that he has been prejudiced by this alleged failure. We have already concluded that application of *Foster* to defendants who committed their offenses before that decision was released does not violate constitutional principles of due process or operate as an ex post facto law. Therefore, there is no reasonable probability that had this argument been raised at sentencing, the outcome of the proceeding would have been different. *Strickland* at 694.
>
> V. Conclusion
>
> We find no error in the trial court's decision to impose a non-minimum sentence.

*State v. Henthorn,* 2007 WL 172075, *2-*4 (footnote omitted).

The United States Court of Appeals for the Sixth Circuit has held that plain error review does not constitute a waiver of the state's procedural default rules. *Seymour v. Walker,* 224 F.3d 542, 557 (6th Cir.2000). As explained by the United States District Court for the Northern District of Ohio:

> Ohio has a contemporaneous objection rule under which an appellant who fails to object waives later review of the issue unless plain error can be shown. *Williams v. Bagley,* 380 F.3d 932, 968 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003, 125 S.Ct. 1939, 161 L.Ed.2d 779 (2005) (citing *State v. Smith,* 89 Ohio St.3d 323, 332, 731 N.E.2d 645 (2000)). The Sixth Circuit has held that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal review absent a showing of cause for the waiver and resulting prejudice. *Id.*; *Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001); *Stojetz v. Ishee,* 2006 WL 328155 *12 (S.D.Ohio Feb. 10, 2006).
>
> A state court's review of an issue for plain error is considered by the Sixth Circuit as the enforcement of a procedural default. *Williams,* 380 F.3d at 968; *Hinkle,* 271 F.3d at 244. The federal court, in determining whether a state court has relied on a procedural rule to bar review of an issue, examines the latest reasoned opinion of the state courts and presumes that later courts enforced the bar instead of rejecting the claim on the merits. *Hinkle,* 271 F.3d at 244 (citing *Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991)).

*Adams v. Bradshaw,* 484 F.Supp.2d 753, 771 (N.D. Ohio 2007).  Although the state appellate court alternatively dismissed petitioner's claim on the merits, such alternative ruling does not relieve the waiver or otherwise revive the claim for purposes of habeas corpus review. *Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989) ("a state court need not fear reaching the merits of a federal claim in an *alternative* holding"); *Bowling v. Parker*, 344 F.3d 487, 498 (6th Cir.2003) (where state court's dismissal of claim on merits constitutes an alternative holding, federal habeas court will consider the claim procedurally defaulted); *Kenney v. Haviland*, No. 1:04 CV 2194, 2006 WL 2792171, at *6 n.8 (N.D. Ohio Sep.26, 2006) ("The mere existence of the clear statement rule confirms that an alternative holding on the merits cannot save a claim where the court clearly and expressly enforces a state procedural bar").

8

This Court therefore concludes that petitioner has waived his claim for federal habeas corpus review. Although a habeas petitioner may still secure review of his claim on the merits if he establishes cause for his procedural default as well as actual prejudice from the alleged constitutional violation, *see Maupin,* 785 F.2d at 138, in this instance, Petitioner has failed to make such a showing of cause and prejudice for his procedural default.[1]

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333. Upon an independent review of the record, the Court finds that Petitioner has failed to establish that this is type of "extraordinary case" that requires relief from the procedural default.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make

---

[1] The claim of ineffective assistance of counsel may constitute cause for a procedural default, only if that claim, itself, is not procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451-453 (2000). Here, although petitioner raised a claim of ineffective assistance of counsel in the Court of Appeals, he failed again to raise this claim on appeal to the Ohio Supreme Court. *See Exhibit 17 to Return of Writ.* Therefore, he has failed to preserve this claim for federal habeas corpus review, and the ineffective assistance of counsel claim cannot constitute cause for his procedural default.

a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. An*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                            */s/ Elizabeth A. Preston Deavers*
                                                            Elizabeth Preston Deavers
                                                            United States Magistrate Judge

Date:  June 2, 2010